# Exhibit A

4/19/2018 5:37 PM
Chris Daniel - District Clerk Harris County
Envelope No. 24033390
By: Walter Eldridge
Filed: 4/19/2018 5:37 PM

*2018-26646 / Court: 127*

NO. _____

| | | |
|---|---|---|
| CHRISTOPHER STEPTOE<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | _____ JUDICIAL DISTRICT |
| SEARS HOLDINGS MANAGEMENT<br>CORPORATION AND SEARS,<br>ROEBUCK AND CO.<br>Defendants. | §<br>§<br>§<br>§ | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Christopher Steptoe, hereinafter called Plaintiff, complaining of and about Sears Holdings Management Corporation and Sears, Roebuck and Co., hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2 of TEX. R. CIV. P 190.

### PARTIES AND SERVICE

2. Plaintiff, Christopher Steptoe, is an Individual who is a resident of Harris County, Houston, TX at the time the actions accrued.

3. Defendant, Sears Holdings Management Corporation, is a foreign for-profit corporation conducting business in the State of Texas. Defendant may be served with process by delivering citation to its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Service of said Defendant as described above can be affected by certified mail, return receipt requested, and/or private process server.

4. Defendant, Sears, Roebuck and Co., is a foreign for-profit corporation conducting

business in the State of Texas. Defendant may be served with process by delivering citation to its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Service of said Defendant as described above can be affected by certified mail, return receipt requested, and/or private process server.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. This court has jurisdiction over the parties because Defendant is a corporation which operates in Texas.

7. Venue in Harris County is proper in this cause.

## FACTS

8. On January 20, 2017, in an effort to make payments on a ring purchased at Defendants Memorial City Mall location, Store #1067, through its lay-away program, Mr. Steptoe was unlawfully arrested and interrogated at gun point by both the Memorial City Mall Security and Houston Police Department due to Defendants false claims that Mr. Steptoe threatened Defendants with a weapon or threatened use of a weapon.

9. Defendants did not clarify, nor did they tell the truth about Mr. Steptoe's experience while paying for an item he purchased.

10. In fact, it was Defendants who erroneously assessed the payment to a different account and was unable to rectify the error; it was Defendants who became obnoxious and argumentative with Mr. Steptoe when he requested additional help to correct the error.

11. Defendants also eavesdropped on a private telephone conversation between Mr. Steptoe and his wife, which led to the untrue claims of Defendants being threatened with a weapon by Mr. Steptoe.

12. It was at the instruction of Defendants to have Mr. Steptoe arrested on false allegations without any remorse or regard.

13. On January 20, 2017, Mr. Steptoe was harassed as defined by State and Federal Law and his Civil Rights were violated.

14. Mr. Steptoe was in fear for his life and safety due to the actions of Defendants. The willful and reckless manner and approach Defendants took caused a bevy of problems for Mr. Steptoe and his family financially and emotionally.

15. Mr. Steptoe had no criminal record prior to this incident. Now, Mr. Steptoe has incurred additional expenses to get this bogus charge expunged off his record. Mr. Steptoe is an A/C Service Technician for the Refinery Plant Industry, and a clean background is principal.

**CHRISTOPHER STEPTOE'S CLAIM FOR MALICIOUS PROSECUTION**

16. Mr. Steptoe incorporates by reference the preceding paragraphs.

17. Defendants commenced a criminal action against Mr. Steptoe for allegations of making terroristic threats with a gun.

18. The Defendants initiated the proceedings against Mr. Steptoe.

19. Mr. Steptoe was acquitted of all the erroneous charges.

20. The Defendants had no probable cause in pursuing such charges and were doing it in malice out of the erroneous transaction that took place between Defendants and Mr. Steptoe, even though the charge bore no merit.

21. Mr. Steptoe suffered damages due to such acts.

**CHRISTOPHER STEPTOE'S CLAIM FOR NEGLIGENCE**

22. Defendants owed Mr. Steptoe, a customer of their business the duty against unreasonable risks created by Defendants.

23. Defendants breached said duty when they erroneously presented false claims to the police department and later, concealed facts that could have rectified the situation; therefore subjecting Mr. Steptoe to an unreasonable interrogation and having police draw their weapons on Mr. Steptoe, putting him in fear of his life.

24. Mr. Steptoe was injured by or as a result of the negligent conduct of Defendants activity.

## CHRISTOPHER STEPTOE'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Defendants conduct of concealing facts and erroneously requesting Mr. Steptoe's arrest on false allegations intentionally and recklessly subjected Mr. Steptoe to distress when he was subjected to an arrest by gunpoint.

26. Defendants unreasonably falsified information, which led to Mr. Steptoe being subjected to an unreasonable interrogation by both Memorial City Mall Security and Houston Police Department.

27. The intentional or reckless acts or omissions of Defendants led to severe embarrassment, shame, humiliation and worry by Mr. Steptoe.

## CHRISTOPHER STEPTOE'S CLAIM FOR DEFAMATION/SLANDER PER QUOD

28. Mr. Steptoe is a private individual and is not a public figure for any purpose.

29. Defendant is a non-media defendant.

30. Defendants made defamatory statements about Mr. Steptoe which were untrue and malicious and damaged the reputation of Mr. Steptoe and caused other financial and emotional damages.

31. The defamatory statement served no purpose but to bring harm to Mr. Steptoe, expose him to harassment, anxiety and, danger.

32. In reaction to the defamatory statements made, Mr. Steptoe was in fear for his life and safety. In addition, the defamatory statements further damaged Mr. Steptoe who works as an A/C Service Technician for the refinery plant industry where a background clear of a criminal history or accusations is imperative to a good reputation, honesty, and integrity.

## DAMAGES FOR PLAINTIFF, CHRISTOPHER STEPTOE

33. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants acts as described herein, Mr. Steptoe was caused to suffer the following damages:

    A. Injury to reputation;

    B. Physical and emotional distress in the past and future;

    C. Criminal legal fees;

    D. Civil legal fees.

    E. Lost wages, and

    F. all other damages allowed by law and equity.

## REQUEST FOR DISCLOSURE

34. Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2 TRCP.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Christopher Steptoe respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final

hearing of the cause, judgment be entered for the Plaintiff against Defendants, for damages in an amount within the jurisdictional limits of the Court; together with actual damages, exemplary damages, pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**SHERMAN WATKINS PLLC**

By:  /s/ Gene A. Watkins
    Gene A. Watkins
    Texas Bar No. 24058954
    Email: gwatkins@shermanwatkins.com
    1418 Washington Avenue
    HOUSTON, TX 77002
    Tel. (713) 224-5113
    Fax. (866) 560-8676
    Attorney for Plaintiff
    Christopher Steptoe

**PLAINTIFF HEARBY DEMANDS TRIAL BY JURY**